**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TERRENCE PASCHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-0999-TWP-DML |
| | ) |
| VELASQUEZ, Classification Committee | ) |
| Supervisor, HUNT, Unit Team Manager, | ) |
| HILSON, Substance Abuse Counselor, | ) |
| RITCHIE, Assistant Superintendent of Programs. | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Insufficient Claims**
**and Directing Further Proceedings**

**I. Screening Language**

Because the Plaintiff Terrence Paschall, is a "prisoner" as defined by 28 U.S.C. § 1915(h),

his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this

statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as

true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To

survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(quotations omitted). *Pro se* complaints such as that filed by Mr. Paschall, are construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S.

at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Paschall's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Mr. Paschall alleges that he was removed from the Therapeutic Community ("T.C.") prison program because he took his medication back to his dorm rather than ingesting his medication at the medical window. As a result, he also was removed from his prison job. He alleges his termination from his job is a violation of the Equal Protection Clause of the Fourteenth Amendment.

## II. Insufficient Claims

Mr. Paschall alleges a violation of his rights under the Equal Protection Clause. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Mr. Paschall does not allege any facts that he was a member of a particular class and was discrimination against because of his membership in that class. Mr. Paschall's Equal Protection

Claim is **dismissed for failure to state a claim**.

Additionally, to the extent Mr. Paschall alleges in this action that his removal from the T.C. program and subsequent job loss violated his rights under the constitution, this claim also fails. Such a claim implicates a classification change. Mr. Paschall had no due process to be in the T.C. program. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Accordingly, there is no viable due process claim asserted in his complaint. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). The claims against **the defendants are dismissed for failure to state a claim**.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### III. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through June 12, 2017,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify

what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS SO ORDERED**.

Date: 5/11/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRENCE PASCHALL
146997
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064